UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| MARCUS C. BETTS, | ) |
| Plaintiff, | ) |
| | ) 07CV4052 |
| v. | ) JUDGE NORGLE |
| BRIAN J. DOHERTY, TIMOTHY D. GILLILAND, VINCENT J. WALSH, ANTONIO FREGOSO, UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | ) MAG. JUDGE SCHENKIER ) ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

FILED
JUL 19 2007
Jul. 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CIVIL RIGHTS COMPLAINT

Plaintiff MARCUS C. BETTS, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983) and 28 U.S.C. §2201, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff MARCUS C. BETTS was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants BRIAN J. DOHERTY (hereinafter DOHERTY), TIMOTHY D. GILLILAND (hereinafter GILLILAND), VINCENT J. WALSH (hereinafter WALSH), ANTONIO FREGOSO (hereinafter FREGOSO), and UNKNOWN NUMBER OF UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On June 11, 2006, at approximately 3:30 AM, plaintiff MARCUS C. BETTS was a victim of an attempted robbery at gunpoint near North Central Park and Flournoy in Chicago, Illinois.

9. Plaintiff flagged down a police car to report the crime, but the two police officers, who are two of the defendants named in this lawsuit, were indifferent and failed to take a report. The two officers rudely questioned plaintiff as to why he was out so late.

10. Frustrated with this lack of action, plaintiff drove to the Chicago Police Department station at 3151 W. Harrison in Chicago, Illinois, to report the crime. Although a report was made, plaintiff was once again faced with police indifference by defendant WALSH. Plaintiff complained about the treatment, stating his belief that he was being treated differently because he was a black victim of a crime. He then left.

11. On plaintiff's way out, the two officers who had been on patrol and treated plaintiff so poorly on the street were walking in the door to the police station. Plaintiff turned around and went back up to the desk.

12. A series of events then occurred in which plaintiff was questioned, grabbed, and pushed. When he protested that he was being treated like a criminal, plaintiff was arrested for the crime of disorderly conduct.

13. Plaintiff MARCUS C. BETTS was placed under arrest by defendants DOHERTY, GILLILAND, WALSH and FREGOSO despite the fact there was no warrant for his arrest and no probable cause to believe he had committed a crime.

14. Defendant UNKNOWN OFFICERS were police personnel who were present and who failed to intervene to prevent the arrest of plaintiff.

15. Defendants DOHERTY, GILLILAND, WALSH and FREGOSO caused the false criminal charge of disorderly conduct to be filed against plaintiff. He was booked, processed, and formally charged with said crime.

16. Defendant UNKNOWN OFFICERS failed to intervene to prevent the filing of said criminal charges

17. Plaintiff MARCUS C. BETTS was wrongfully incarcerated for approximately twelve hours.

18. The criminal charge of disorderly conduct was dismissed by the criminal court on July 19, 2006.

19. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

20. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

21. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to prosecute this action and render legal assistance to him so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiff Against Defendants DOHERTY, GILLILAND, WALSH and FREGOSO for False Arrest**

22. Plaintiff MARCUS C. BETTS incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

23. The arrest and incarceration of plaintiff by defendants DOHERTY, GILLILAND, WALSH and FREGOSO for the purpose of charging him with a false crime was without probable cause and unreasonable.

24. By reason of the conduct of said defendants, plaintiff MARCUS C. BETTS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DOHERTY, GILLILAND, WALSH and FREGOSO, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
**Plaintiff Against Defendant UNKNOWN OFFICERS for Failure to Intervene**

25. Plaintiff MARCUS C. BETTS incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

26. Defendant UNKNOWN OFFICERS had reason to know that plaintiff was arrested and charged unjustifiably and without legal cause.

27. Defendant UNKNOWN OFFICERS had a reasonable opportunity to prevent said arrests and charging from occurring.

28. By reason of the conduct of said defendants, plaintiff MARCUS C. BETTS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Defendants DOHERTY, GILLILAND, WALSH, and FREGOSO for Due Process Violations

29. Plaintiff MARCUS C. BETTS incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

30. Defendants DOHERTY, GILLILAND, WALSH and FREGOSO deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair hearing and trial.

31. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

32. By reason of the conduct of said defendants, plaintiff MARCUS C. BETTS was deprived of rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DOHERTY, GILLILAND, WALSH and FREGOSO, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Defendants DOHERTY, GILLILAND, WALSH, FREGOSO, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution

33. Plaintiff MARCUS C. BETTS incorporates and realleges paragraphs 1 – 21, as though set forth herein in their entirety.

34. Defendants DOHERTY, GILLILAND, WALSH and FREGOSO maliciously caused criminal charges to be filed and prosecuted against plaintiff. There was

6

no probable cause for the institution of criminal charges against plaintiff. The criminal proceedings were commenced and continued maliciously.

35. Defendants DOHERTY, GILLILAND, WALSH and FREGOSO facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and/or giving false and perjured testimony under oath.

36. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of these criminal charges.

37. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

38. The criminal proceedings were terminated in plaintiff's favor by dismissal by the criminal court on July 19, 2006.

39. Defendants DOHERTY, GILLILAND, WALSH and FREGOSO, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

40. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior.*

WHEREFORE, plaintiff MARCUS C. BETTS, by and through his attorney, Irene K. Dymkar, request judgment as follows against the defendants on each and every claim:

> A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,
>
> B. That defendants be required to pay plaintiff special damages,
>
> C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to

Justice Act, or any other applicable provision,

D.     That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E.     That defendants be required to pay plaintiff costs of the suit herein incurred, and

F.     That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff MARCUS C. BETTS hereby requests A TRIAL BY JURY.**

Dated: July 19, 2007

_____
Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123